UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT


IN RE: SIMEON & GLORIA OHAKPO           Case. 12-66874 PJS
                                                       Judge: SHEFFERLY
                                                       Chapter 7


MOTION FOR COSTS AND SANCTIONS FOR
VIOLATION OF 11 U.S.C §362 AND 11 U.S.C 543(b)(1)BY CREDITORS VICTOR LOTYCZ
AND RBS CITIZENS, NA

The Debtors state as follows:

1. The Debtors filed a petition under Chapter 7 of the United States Bankruptcy Code on 12/12/12.

2. Creditor, RBS CITIZENS, NA was listed on Schedule F and was given actual notice by the Debtor and the Clerk of this Court of the Bankruptcy filing and the imposition of 11 U.S.C §362.

3. The Debtors are owners of two automobiles, a 2008 Ford Escape and a 2008 Lexus GX470 (hereinafter referred to as "Automobiles") . Both automobiles were listed on Schedule B and if applicable, any equity was exempted on Schedule C.

4. Both Automobiles are Estate property pursuant to 11 U.S.C §541(a).

5. On 12/09/12 pursuant to a valid State 35th District Court Seizure Order Court Officer Victor Lotycz seized the Automobiles from the Debtors. Court Officer Victor Lotycz is an agent of RBS CITIZENS, NA.

6. On 12/12/12 the Debtors filed their Chapter 7 bankruptcy and immediately contacted the Creditor through Counsel and Creditor's Agent, Court Officer Victor Lotycz for a return of the Automobiles to the Debtors.

7. The Creditor, RBS CITIZENS, NA through Counsel, Weltman, Weinberg & Reis Co., L.P.A. was immediately contacted by email, and phone and to date has yet to respond.

8. Court Officer Victor Lotycz was also contacted by phone. Mr. Lotycz had an individual named Mike Jones return this call. Mr. Jones stated he was aware of the Automatic Stay and further stated he would return the vehicle only after payment of $2300.00, as Officer Lotcyz was a "Custodian" under 11 U.S.C §543 and entitled costs and expenses, BEFORE HE WILL RETURN THE ESTATE PROPERTY as "settlement" of their claim.

9. Court Officer Victor Lotycz in addition to his alleged status as a Custodian is also a pre-petition unsecured Creditor of the Bankruptcy Estate, not a Creditor of the Debtor as an individual, and as such, has a right to file a prepetition proof of claim once notified to file a Proof of Claim..

10. Debtor's counsel immediately contacted the Chapter 7 Trustee, Charles Taunt, and formally requested he contact Court Officer Lotyzc and request turnover of the Automobiles pursuant to 11 U.S.C 543(b)(1) which clearly states:

"(b) A custodian *shall* – (emphasis added)

(1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case;

11. Creditors, RBS CITIZENS, NA and Court Officer Victor Lotycz despite actual notice of the Debtor's bankruptcy filing on 12/12/12 and the imposition of 11 USC 362 and knowledge of 11 U.S.C §543(b)(1) refused to deliver the estate property to either the Debtor or the Chapter 7 Trustee.

12. These Creditors continue to flaunt this Court's imposition of the automatic stay pursuant to 11 U.S.C §362 and willfully refuse to abide by the non-permissive language of 11 U.S.C 543(b)(1) by ignoring the "shall" deliver in order to leverage money from the individual Debtor.

WHEREFORE, Debtors pray this Honorable Court will enter an order for punitive damages and sanctions with joint and several liability against Court Officer Victor Lotycz and RBS CITIZENS, NA in an amount equal to the Creditors claim of $23,652.08 and attorney fees in the amount of $4500.00.

Date: December 17, 2012

/s/ Marshall D. Schultz
Marshall D. Schultz (P38040)
Attorney for Debtor
24100 Southfield, Suite 203
Southfield, MI 48075
(248) 559-6930
marshallschultz@Ameritech.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT


IN RE: SIMEON & GLORIA OHAKPO           Case. 12-66874 PJS
                                        Judge: SHEFFERLY
                                        Chapter 7


ORDER FOR COSTS AND SANCTIONS FOR
VIOLATION OF 11 U.S.C §362 AND 11 U.S.C 543(b)(1) BY CREDITOR VICTOR LOTYCZ
AND RBS CITIZENS, NA


A Motion for Costs and sanctions having been filed under Rule 9014 and no objections having been received;

   IT IS HEREBY ORDERED that Court Officer Victor Lotycz and RBS CITIZENS, NA immediately cease all State Court collection remedies and any actions against the Debtor until further order of this Court.

   IT IS FURTHER ORDERED that Court Officer Victor Lotycz and/or RBS CITIZENS, NA shall immediately pay the Debtor's attorney fees in the amount of $4500.00 directly to Marshall D. Schultz.

   IT IS FURTHER ORDERED that Court Officer Victor Lotycz and RBS CITIZENS, NA shall be liable jointly and severally and shall immediately pay the Debtor sanctions and punitive damages in the3 amount of $23,652.08 or any sum the Court deems fit for willful violation of 11 U.S.C. 362 and 11 U.S.C §543(b)(1).

   IT IS FUTHER ORDERED that Court Officer Victor Lotycz shall be imposed an additional sanction in the amount of $200 per day for every day he fails to deliver the Automobiles to the Chapter 7 Trustee.


Ex. 1

UNITED STATES BANKRUPTCY COURT
Eastern District of Michigan

In re:

SIMEON OHAKPO
GLORIA OHAKPO
              Debtor(s)

Chapter: 7
Case No.: 12-66874
Judge: SHEFFERLY

Address: 40040 Bexley Way, Northville, MI 48168
Last four digits of Social Security: XXX-XX-5786
Last four digits of Social Security: XXX-XX-4842

NOTICE OF MOTION FOR COSTS AND SANCTIONS

    The Debtors have filed papers with the court seeking costs and sanctions for violation of 11 USC §362 and 11 USC §543(b)(1) by Creditors Victor Lotycz and RBS Citizens, NA.

    **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

    If you do not want the court to grant costs and sanctions, or if you want the court to consider your views on the Motion for Costs and Sanctions for Violation of 11 USC §362 and 11 USC §543(b)(1), within **14 days**, you or your attorney must:

1.     File with the court a written response or an answer, explaining your position at:[1]
        United States Bankruptcy Court
        211 West Fort Street
        17th Floor
        Detroit, MI 48226

    If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. All attorneys are required to file pleadings electronically.

    You must also mail a copy to:
Marshall D. Schultz, 24100 Southfield Road, Ste. 203, Southfield, MI 48075

Charles Taunt, 700 East Maple Road, Second Floor, Birmingham, MI 48009

Office of the U.S. Trustee, 211 West Fort Street, Suite 700, Detroit, MI 48226

2.     If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: 12/17/2012
                /s/ Marshall D. Schultz
                Marshall D. Schultz (P38040)
                24100 Southfield Road, Suite 203
                Southfield, MI 48075
                248-559-6930
                marshallschultz@ameritech.net

---

[1] Response or answer must comply

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT


IN RE: SIMEON & GLORIA OHAKPO		Case. 12-66874 PJS
					Judge: SHEFFERLY
					Chapter 7


BREIF IN SUPPORT FOR ORDER FOR COSTS AND SANCTIONS FOR
VIOLATION OF 11 U.S.C §362 AND 11 U.S.C 543(b)(1) BY CREDITORS VICTOR LOTYCZ
AND RBS CITIZENS, NA


FACTS

The Debtors filed a petition under Chapter 7 of the United States Bankruptcy Code on 12/12/12. Creditor, RBS CITIZENS, NA was listed on Schedule F and was given actual notice by the Debtor and the Clerk of this Court of the Bankruptcy filing and the imposition of 11 U.S.C §362.

The Debtors are owners of two automobiles, a 2008 Ford Escape and a 2008 Lexus GX470 (hereinafter referred to as "Automobiles") . Both automobiles were listed on Schedule B and if applicable, any equity was exempted on Schedule C. Both Automobiles are Estate property pursuant to 11 U.S.C §541(a).

On 12/09/12 pursuant to a valid State 35th District Court Seizure Order Court Officer Victor Lotycz seized the Automobiles from the Debtor. Court Officer Victor Lotycz is an agent of RBS CITIZENS, NA. On 12/12/12 the Debtors filed their Chapter 7 bankruptcy and immediately contacted the Creditor through Counsel and Creditor's Agent, Court Officer Victor Lotycz for a return of the Automobiles to the Debtors.

The Creditor, RBS CITIZENS, NA through Counsel, Weltman, Weinberg & Reis Co., L.P.A. was immediately contacted by email, and phone and to date has yet to respond. Court Officer Victor Lotycz was also contacted by phone. Mr. Lotycz had an individual named "Mike Jones" return this call. Mr. Jones stated he was aware of the Stay and further stated he would return the vehicle only after payment of $2300.00, as Officer Lotcyz was a "Custodian" under 11 U.S.C §543 and entitled costs and expenses, BEFORE HE WILL RETURN THE ESTATE PROPERTY as "settlement" of their claim.

Court Officer Victor Lotycz in addition to his claimed status as a "Custodian" is also a pre-petition unsecured Creditor of the Bankruptcy

Estate by virtue of his demand for $2300.00.

Debtor's counsel immediately contacted the Chapter 7 Trustee, Charles Taunt, and formally requested he contact Court Officer Lotyzc and request turnover of the Automobiles pursuant to 11 U.S.C 543(b)(1) Creditors, RBS CITIZENS, NA and Court Officer Victor Lotycz despite actual notice of the Debtor's bankruptcy filing on 12/12/12 and the imposition of 11 USC 362 and knowledge of 11 U.S.C §543(b)(1) refused to deliver the estate property to either the Debtor or the Chapter 7 Trustee.

These Creditors continue to flaunt this Court's imposition of the automatic stay pursuant to 11 U.S.C §362 and willfully refuse to abide by the non-permissive language of 11 U.S.C 543(b)(1) by ignoring the "shall" deliver in order to leverage money from the individual Debtor in violation of 11 U.S.C §362.

## ISSUES

1. Are Court Officer Victor Lotycz and RBS CITIZENS, NA. willfully failing to comply with 11 U.S.C §362 by failing to return the Debtors' Automobiles and demanding payment by the Debtors of $2300.00?

   Debtors' answer yes.

2. Are Court Officer Victor Lotycz and RBS CITIZENS, NA. willfully failing to comply with 11 U.S.C 543(b)(1)?

   Debtors' answer yes.

## ARGUMENT

On 12/12/12 the Debtors filed a Chapter 7 Bankruptcy Petition which immediately imposed an automatic stay pursuant to 11 U.S.C §362 as to all Creditors of the Bankruptcy Estate. Victor Lotycz claims he has pre-petition claim of $2300.00 as a 'Custodian" of estate property. Whether he is deemed to be a Custodian is irrelevant as there is no dispute he is also an agent of RBS CITIZENS, NA. and a Creditor in possession of estate assets.

By conditioning return of the assets upon payment of his fees Victor Lotycz is willfully violating the Stay by maintaining custody and control in violation of 11 U.S.C §362. The belief that he has an enhanced position as a "Custodian" with Administrative Expense claims will not except or shield him from the imposition of the Automatic Stay. As clearly stated in <u>Transouth Fin. Corp. v. Sharon (In re Sharon), 234 B.R. 676, 685 (B.A.P. 6th Cir. 1999)</u>:

> "To effectuate the purpose of the automatic stay, the onus to return estate property is placed upon the possessor; it does not fall on the debtor to pursue the possessor. [_Abrams v. Southwest Leasing & Rental, Inc. (In re Abrams)_, 127 B.R. 239, 243 (B.A.P. 9th Cir. 1991)]. If persons who could make no substantial adverse claim to a debtor's property in their possession could, without cost to themselves, compel the debtor or his trustee to bring suit as a prerequisite to returning the property, the powers of a bankruptcy court and its officers to collect the estate for the benefit of creditors would be vastly reduced. [_Knaus v. Concordia Lumber Co. (In re Knaus)_, 889 F.2d 773, 775 (8th Cir. 1989)]. . . . "The case law and the legislative history of § 362 indicate that Congress did not intend to place the burden on the bankruptcy estate to absorb the expense of potentially multiple turnover actions, at least not without providing a means to recover damages sustained as a consequence thereof." _Abrams_, 127 B.R. at 243. _Del Mission Ltd._, 98 F.3d at 1151-52... A creditor who possesses property of the estate on the date the bankruptcy petition is filed has an obligation to turn that property over to the debtor or to the trustee. . . . The onus to return estate property is place upon the possessor. . . . at 686"

There is no dispute that the Automobiles are property of the estate pursuant to 11 U.S.C 541 and the continuous possession by Creditor Court Officer Victor Lotycz acting as an agent in fact for Creditor RBS CITIZENS, NA willfully violates 11 USC 362

The Creditors have conditioned return of the Automobiles upon payment of a pre-petition claim. The Automatic stay is automatic any alleged claim of enhanced custodial rights are not and therefore the Debtor is entitled to actual and punitive damages for the willful violation of 11 USC 362 pursuant to 11 USC 363(k)(1) which states:

"Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

Court Officer Victor Lotycz and RBS CITIZENS, NA. are willfully failing to comply with 11 U.S.C 543(b)(1)

    11 U.S.C 543(b)(1) clearly states:

"(b) A custodian _shall_ - (emphasis added)

    (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case;

These Creditors continue to flaunt this Court's imposition of the automatic stay pursuant to 11 U.S.C §362 and willfully refuse to abide by the non-permissive language of 11 U.S.C 543(b)(1) by ignoring the "shall" deliver in order to leverage money from the individual Debtor

If Court Officer Victor Lotycz is deemed to be a "Custodian" with rights for costs and fees the his sole remedy is to Motion this Court after Notice and hearing and then he would only possess the right to file his prepetition proof of claim once notified pursuant to Court Rule.

You cannot claim an Administrative expense payment under 11 U.S.C 543(b)(2) and ignore U.S.C 543(b)(1). Turning a blind eye to one provision of the code under the guise of another will not shield violation of the statute.

Court Officer Officer Victor Lotycz as agent in fact for RBS CITIZENS, NA willfully violates 11 USC 362 as well as 11 USC 543(b)(1).

CONCLUSION

    These Creditors continue to flaunt this Court's imposition of the automatic stay pursuant to 11 U.S.C §362 and willfully refuse to abide by the non-permissive language of 11 U.S.C 543(b)(1) by ignoring the "shall" deliver in order to leverage money from the individual Debtor. Ignoring or misinterpreting statute, code and case law is not a shield. Theses actions are egregious, unwarranted and coercive to the Debtors. These Creditors should immediately cease all custody and control of the Estate assets and deliver them to the Trustee immediately. Punitive damages and attorney fees are warranted to dissuade future willful disregard of established law.

Date: December 17, 2012    /s/ Marshall D. Schultz
    Marshall D. Schultz (P38040)
    Attorney for Debtor
    24100 Southfield, Suite 203
    Southfield, MI 48075
    (248) 559-6930
    marshallschultz@Ameritech.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE: SIMEON & GLORIA OHAKPO            Case. 12-66874 PJS
                                         Judge: SHEFFERLY
                                         Chapter 7

CERTIFICATE OF SERVICE

I, Marshall D. Schultz, hereby swear under penalty of perjury that on the date indicated below, I served copies of:

1. MOTION FOR COSTS AND SANCTIONS FOR VIOLATION OF 11 U.S.C §362 AND 11 U.S.C 543(b)(1) BY CREDITOR VICTOR LOTYCZ AND RBS CITIZENS, NA

2. NOTICE OF OPPORTUNITY TO RESPOND.

3. BRIEF IN SUPPORT

on the following parties, by mailing said copies by first class U.S. mail with fully prepaid postage affixed, addressed to each of said parties as follows or by electronic means where applicable:

CHARLES TAUNT
Chapter 7 Trustee
700 EAST MAPLE ROAD
SECOND FLOOR
BIRMINGHAM, MI 48009

VICTOR LOTYCZ
UNSECURED CREDITOR
47280 VICTORIAN SQ N
CANTON, MI 48188-6320

RBS CITIZENS, NA
WELTMAN, WEINBERG AND REIS
CO. L.P.A
BY: DANIEL BEST (P58501)
    JEFFREY K. BEARSS (P41693)
2155 BUTTERFIELD DRIVE, SUITE 200-S
TROY, MI 48080

RBS CITIZENS, N.A.
443 JEFFERSON Blvd. #RJW110
WARWICK, R.I. 02886


Date: December 17, 2012            /s/ Marshall D. Schultz
                                   Marshall D. Schultz (P38040)
                                   Attorney for Debtor
                                   24100 Southfield, Suite 203
                                   Southfield, MI  48075
                                   (248) 559-6930
                                   marshallschultz@Ameritech.net